SUMMARY ORDER

Petitioner, Yong Kwong Pan, a native and citizen of the People’s Republic of China, seeks review of the June 10, 2008 order of the BIA affirming the October 6, 2006 decision of Immigration Judge (“IJ”) Annette S. Elstein denying Petitioner’s applications for asylum and withholding of removal. In re Yong Kwong Pan, No. A 73 078 282 (B.I.A. June 10, 2008), affg No. A 73 078 282 (Immigr. Ct. N.Y. City Oct. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA affirms the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact.[1] Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Petitioner challenges the agency’s finding that the marriage certificate he submitted was fraudulent and argues that, even if it was fraudulent, such was not the proper basis of an adverse credibility determination because he had no reason to doubt the document’s authenticity. We agree with Petitioner that, even assuming that the marriage certificate was fraudulent, the agency erred in basing its adverse credibility determination on his submission of this fraudulent document. Petitioner maintained that he did not knowingly submit a fraudulent document. While the IJ was under no obligation to credit this assertion, she was required to make a finding one way or the other before relying on Petitioner’s submission of a fraudulent document as a basis for her adverse credibility determination. See Corovic v. Mukasey, 519 F.3d 90, 97-98 (2d Cir.2008) (“[W]hen an applicant contests that he knowingly submitted a fraudulent document, the IJ must make an explicit finding that the applicant knew the document to be fraudulent before the IJ can use the fraudulent document as the basis for an adverse credibility determination.”).
Nonetheless, although the agency’s decision was not without error, remand would be futile as it can be confidently predicted based on the agency’s non-erroneous findings that the agency would reach the same holdings absent any errors. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, *35 339 (2d Cir.2006). The BIA properly relied on other problematic aspects of Petitioner’s case in upholding the IJ’s adverse credibility determination. Cf. Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 111 (2d Cir.2006) (holding that “[t]he more central an errant finding was to the IJ’s adverse credibility determination, ... the less confident we can be that remand would be futile”).
Substantial evidence supports the agency’s finding that Petitioner’s failure to mention his wife’s alleged forced abortion in his asylum application undermined his credibility. Petitioner argues that this is not an adequate basis for an adverse credibility finding because he was not aware that this information was not in his application. However, that argument is unavailing where Petitioner’s attorney prepared and signed the application, read it to Petitioner in his own language during his hearing, and Petitioner testified that the application contained the truth. Moreover, although asylum applicant’s are not required to list every single incident of persecution in their asylum applications, Pavlova v. INS, 441 F.3d 82, 90 (2d Cir.2006), Petitioner based his claim for asylum primarily on his wife’s abortion. Thus, it was reasonable to expect that purported abortion to appear in his asylum application.
Moreover, the agency properly found that even if Petitioner were credible, he could not establish past persecution based upon his wife’s forced abortion. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir.2007).
As the agency did not err in concluding that Petitioner failed to establish past persecution or a well-founded fear of persecution, it did not err in denying his applications for asylum and withholding of removal, where those claims were each based upon the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED.

. We note that although Petitioner did not file a timely brief to the BIA, any exhaustion concerns we may have had were cured by the BIA’s decision, which addressed the IJ's findings in some detail. See Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994). Moreover, the Notice of Appeal Petitioner filed to the BIA raised at least some of the same arguments he now makes before this Court.